United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 17 BK 11697 |
|---|---|
| Arthur B. Adler and Associates, Ltd, | Chapter 7 |
| Debtor. | Judge: Hon. Jack B. Schmetterer |

## OPINION ON DAMAGES OWED TO CHAPTER 7 TRUSTEE [DKT. NO. 160]

This matter came to be heard on the Court's Order scheduling a hearing on damages owed to the Chapter 7 Trustee, David Leibowitz ("Trustee") [Dkt. No. 163 & 176], as a result of civil contempt on the part of the president of the Debtor corporation, Arthur Adler ("Adler").

Trial was held on January 15 and 17, 2019 and oral closing argument was heard.

For the reasons stated below, it is found and held that Trustee is entitled to the full measure of damages sought, $147,985.09. A money judgment will be entered contemporaneously with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Trustee originally brought a Motion for Civil Contempt against the president of the Debtor corporation, Adler, due to several instances of Adler inappropriately handling funds properly belonging to the estate of the Debtor. For reasons more fully detailed in this Court's previous Findings of Fact and Conclusions of Law on Trustee's Motion [Dkt. No. 158], it was found and held that Adler did willfully violate the automatic bankruptcy stay by his actions and a finding of civil contempt was entered against him as a result of those violations. The Court also determined that Trustee had a right to recover damages pursuant to 11 U.S.C. § 105(a).

In the accompanying Judgment Order [Dkt. No. 160], the Court directed the parties to determine a date on which a hearing on damages and sanctions would be set. Ultimately, the hearing commenced on January 15, 2019 and finished on January 17, 2019.

At trial, Adler's attorney objected to Trustee's exhibits 1, 2, 3 and 4, arguing that the billing records submitted by Trustee did not contain sufficient explanatory information for the charges and Trustee and his accountant had overbilled. Adler's attorney also objected to exhibits 15 and 16, a summary of the damages sought by Trustee and additional fees and expenses incurred during the period of October 26, 2018 and January 15, 2019, which were introduced by the Trustee at trial, on the same basis. The Court determined that these objections would be resolved upon Adler's attorney having an opportunity to cross-examine the Trustee's two witnesses: Liebowitz the Trustee and his accountant, Alan Lasko ("Lasko").

1

Trustee and Lasko were each called as witnesses to testify as to the nature of the work performed in this case, particularly regarding the complex web of transactions that needed to be unraveled to determine what had become of money properly belonging to the estate. Both witnesses indicated that this work was ongoing and, at a minimum, that $16,000.00 worth of transactions that occurred post-petition had been discovered involving the Adler's inappropriate handling of estate funds. Trustee indicated that none of the expenses or fees sought at this hearing were incurred in his general duties as the Chapter 7 Trustee and were purely the result of the investigatory process into Adler's misdeeds. The Court then determined that Trustee had provided an adequate basis for exhibits 5 through 13, and without objection, admitted those exhibits into evidence.

On cross examination, Adler's attorney addressed his objections to exhibits 1, 2, 3, 4, 15 and 16. Trustee and Lasko were asked whether they had actual knowledge of the charges included in their billing records, whether those bills had been created contemporaneously with the work being done, and whether any of the bills included work not related to the investigation. Adler's attorney also asked Lasko specific questions about exhibit 14, his expert report regarding the investigation, to determine if Lasko had firsthand knowledge of the procedure and results of the investigation. Trustee was asked what amount of funds the estate currently held, and indicated that it was approximately $70,000 to $80,000 and that, as a result of this investigation, he anticipated future collections. He also indicated that the total of $147,985.09 in accrued fees and expenses were used to discover fraud beyond the $16,000.00 in post-petition transactions that he had discussed as shown by his direct testimony. Ultimately, Adler's attorney withdrew his objections and exhibits 1, 2, 3, 4, 15 and 16 were each admitted into evidence as well.

Adler declined to call any witnesses or offer any exhibits into evidence, instead relying on his cross examination of Trustee and Lasko. Both sides rested, and the Court held oral argument on the issues on January 17, 2019. Trustee argued that he and his accountant are entitled to the full measure of damages requested, both because Adler had failed to show that any of the fees and expenses requested were improper, and also because the money involved in the transactions complained of was not just money of the estate (as the Debtor corporation is a law firm doing collections work, some of that money belongs to the estate's creditors), and it was therefore necessary, argued Trustee, that this investigation be done properly and thoroughly. Conversely, Adler's attorney argued that there should not be any monetary sanctions imposed in

2

this case due to Adler's advanced age and alleged memory problems, or alternatively that if Trustee is to receive damages, there should be proportionality to the amount of funds (about $16,000.00) actually recovered.

## JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this controversy pursuant to 11 U.S.C. § 1334 and the Internal Operating Procedure of the U.S. District Court for the Northern District of Illinois No. 15(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A) and 11 U.S.C. § 105(a). *In re Direct Media Power, Inc.*, 582 B.R. 739 (Bankr. N.D. Ill.) (awarding reasonable attorneys fees to creditor corporation of debtor's estate). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## DISCUSSION

"[A]ttorney's fees may be awarded in contempt proceedings at the court's discretion." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). The cost of pursuing litigation is a standard remedy in cases of civil contempt. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Cox v. Zale Delaware*, 239 F.3d 910, 916 (7th Cir. 2001).

In the instant case, Trustee and Lasko have presented credible evidence showing the extent of the work necessary to unravel the litany of complicated transactions that Adler caused to have taken place during the pendency of this bankruptcy case. The testimony of both Trustee and Lasko was credible. Both described an investigation into the location and movement of funds that required substantial investigatory effort and conformed closely to the billing records presented which are in evidence. The issue of proportionality to actual damages raised by Adler's attorney was addressed by Trustee, who indicated that while $16,000.00 worth of inappropriate transactions had been discovered post-petition, the result of their efforts had uncovered a larger pattern of fraudulent conduct whose value has not yet been determined. Trustee indicated that it was likely there would be future collections resulting in additional money coming into the Debtor corporation's estate. Thus, while funds currently held by the estate are insufficient to pay out the full amount of damages sought by Trustee, it is possible that Trustee will recover more money.

On the other hand, Adler presented no evidence and called no witnesses on his own behalf. His attempts to discredit the testimony and evidence presented by Trustee and Lasko did

not achieve that effect. In fact, Adler did nothing to call into question any of the fees presented by Trustee or Lasko, relying entirely on his argument that the damages awarded must be proportional and asserting his age and alleged mental incapacity as mitigating factors. However, no evidence of the argued mental incapacity was presented either at this or the previous trial. As discussed above, the full measure of damages sought by Trustee may well be proportional depending on the amount that Trustee is able to claw back or find hidden amongst the transactions involving Adler. Moreover, because the funds in question involve not only those belonging to the estate, but also funds that properly belong to creditors, Trustee is correct that the work done to investigate and unravel these transactions is reasonable and necessary in the administration of the Debtor corporation's estate. It is well within the discretion of the Court to award the full measure of damages sought by Trustee for proven work that is essential to administration of the bankruptcy estate.

## CONCLUSION

For the reasons articulated above, a separate money judgement in the amount of $147,985.09 will be entered in favor of the Trustee concurrently with this opinion.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 14th day of March, 2019