UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: )    BK No.: 17-11697
ARTHUR B. ADLER AND ASSOCIATES, )
LTD. )
) Chapter: 7
)
) Honorable Jack B. Schmetterer
)
Debtor(s) )

## ORDER ON TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH JPMORGAN CHASE BANK, N.A. AND SHORTEN NOTICE

This matter coming before the Court upon the motion (the "Motion") of David P. Leibowitz, as Chapter 7 Trustee (the "Trustee") for entry of an order approving the Trustee's compromise with JPMorgan Chase Bank, N.A. ("Chase Bank") and shortening notice; the Court having reviewed the Motion and finding good cause exists to grant the relief requested in the Motion, IT IS HEREBY ORDERED:

1. The compromise with Chase Bank in the form attached to this order, as Ex A is approved.
2. The Trustee is authorized and ordered to execute any and all documents necessary to effectuate agreed settlement, including the execution of a stipulation to dismiss Leibowitz v. JPMorgan Chase Bank, N.A., Case No. 19-00610.
3. Notice of the Trustee's Motion for Approval of Compromise is deemed to be adequate and sufficient under the circumstances; and
4. This Order is final within the meaning of 28 U.S.C. §158.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Dated: 10/17/19

**Prepared by:**
Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC d/b/a LAKELAW
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
csales@lakelaw.com

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement (the "Agreement") is made and entered into this ____ day of September 2019, by and among David P. Leibowitz, not individually but as chapter 7 trustee (the "Trustee") for the estate of Arthur B. Adler & Associates, Ltd. (the "Debtor") and JPMorgan Chase Bank, N.A. ("Chase Bank" or the "Defendant").

### RECITALS

WHEREAS, on April 13, 2017, the Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code as set forth in Debtor's petition filed under Case No. 17-11697 ("Bankruptcy Proceeding") before the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court");

WHEREAS, the Trustee asserts a claim against Chase Bank seeking return of allegedly fraudulent transfers under Section 548 of the Bankruptcy Code and 740 ILCS 160/5 and 160/6 in the aggregate amount of $48,429.72 (the "Claim");

WHEREAS, on April 9, 2019, the Trustee filed an adversary proceeding against Chase Bank as Case Number 19-00610 (the "Adversary Proceeding");

WHEREAS, Chase Bank denies that any such transfers were fraudulent as alleged and otherwise asserts that it has valid defenses to the Claim;

WHEREAS, in order to avoid the time, risk, expense and uncertainties of litigation and collection, the parties wish to enter into this Agreement to compromise and resolve the Claim;

WHEREAS, the Agreement is subject to Bankruptcy Court Approval.

*[signature]*

## PROMISES AND COVENANTS

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitals are hereby incorporated herein and made a part of this Agreement.

2. Definitions:

A. "Chase Related Persons" shall mean Chase's predecessors, successors, assigns, parent corporations (including, but not limited to, JPMorgan Chase & Co.), subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees.

B. "Agreement" shall mean this Settlement Agreement and Release.

C. "Parties" shall mean Trustee and Chase.

D. "Bankruptcy" shall mean the case titled In Re Arthur B. Adler & Assoc., Ltd., Case No. 17-11697, Chapter 7, filed in the United States Bankruptcy Court for the Northern District of Illinois.

E. "Trustee" shall mean duly qualified Chapter 7 Trustee of the bankruptcy Estate of Arthur B. Adler & Assoc., Ltd.

F. "Adversary Proceeding" shall mean the adversary proceeding titled David P. Leibowitz, Trustee for the Estate of Arthur B. Adler and Assoc., Ltd. v. JPMorgan Chase Bank, N.A., Case Number 19-00610, pending in the United States Bankruptcy Court for the Northern District of Illinois.

G. "Claims" shall mean claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums, of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected, or of whatever type or nature.

H. "Account" shall mean Arthur B. Adler, Chase credit card accounts ending in the digits 0197 and 5776.

3. **Release.**

A. The payment of $18,500 Dollars and Zero Cents by Chase, made payable by check to "Estate of Arthur B. Adler & Assoc., Ltd. c/o David P. Lieberman, Trustee" (the "Settlement Payment"), will be delivered to Bauch & Michaels, LLC d/b/a Lakelaw, 53 W. Jackson Blvd., Suite 1115, Chicago, Illinois, 60604 within twenty-one (21) days of the last occurring of: (1) Chase's receipt of a copy of this Agreement bearing signature by the Trustee; (2) Chase's receipt of a current IRS W-9 Form properly executed by the Trustee; and, (3) the order of the Court approving this Agreement becomes final and no longer subject to reconsideration or appeal.

B. Trustee, for himself and all of those on whose behalf the Trustee is authorized to act in his capacity as Trustee for the Bankruptcy, including that bankruptcy estate, its creditors and claimants and all others claiming through it, hereby waive and release all Claims they may have against Chase and Chase Related Persons, including but not limited to those Claims that Trustee asserted, or could have asserted, against Chase in the Adversary Proceeding.

4. **Claim in Settlement Amount.** Chase Bank shall be allowed to file a general prepetition unsecured claim in the Bankruptcy Proceeding, pursuant to 11 U.S.C. § 502(h), in the amount of $18,500.

5. **Approval of the Order.** In conjunction with the execution of this Agreement and following approval of this Agreement by the court, counsel for

3

Trustee shall execute and file a Stipulation of Dismissal with Prejudice of Chase, substantially in the form of Exhibit A attached hereto, with the Parties to bear their own costs, including attorneys' fees, related to the Adversary and its dismissal.

6. **Confidentiality.** Subject to the bankruptcy court's requirements for approval of this Agreement, the Parties agree that all offers or counteroffers, all non-publicly disclosed facts, information, documents and/or details about the Adversary (including, but not limited to, all information governed by a protective order or confidentiality order), and all other aspects of negotiations between the Parties are confidential and shall not be disclosed or revealed by them, except as specified below. Trustee and his counsel specifically agree that they will not transmit any press release or other information to the media about the Agreement or its terms and that they will not otherwise publish any information about the Agreement or its terms. The Parties expressly agree that the terms and conditions of this Agreement may be disclosed:

    a.    By Chase to Chase Related Persons, its attorneys, auditors, the IRS and/or regulators in the event that Chase determines, in its sole discretion, that such disclosure is necessary;

    b.    By Trustee to his tax return preparer, the IRS, accountants, auditors, or attorneys in the event that Trustee determines, in his sole discretion, that such disclosure is necessary;

    c.    By any of the Parties if necessary to enforce or litigate over any provision of this Agreement; and

    d.    By the Trustee to his counsel in connection with approval of this Agreement by the Bankruptcy Court, including attaching this agreement to any motion to compromise; and

e.   To the extent required by law.

In the event a court or other legal body shall compel disclosure or production of this Agreement or any part hereof, the party compelled to disclose will provide immediate written notice to the non-disclosing party or its attorney.

7.   **Representations and Warranties**.

The Parties acknowledge, warrant and represent that:

a. the only representations of law or fact on which they have relied are expressly set forth in the Agreement, they disclaim any reliance in executing the Agreement on any representations not contained herein, and no other representations or inducements by the opposing party, the opposing party's attorney, agent or representative, or any other party, have caused him or it, respectively, to execute the Agreement;

b. the Parties had the opportunity to seek and rely upon the advice of their counsel in the negotiation and execution of this Agreement;

c. the Parties each are the sole and absolute legal and equitable owners of the claims covered by this Agreement and they have not been assigned, transferred or disposed of in any way;

d. no tax advice has been offered or given by either party in the course of these negotiations, and each party is relying upon the advice of his or its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement;

e. the Parties subsequently may discover facts different from or in addition to those now known or believed to be true regarding the subject matter of this Agreement, and agree that this Agreement shall remain in full force and effect notwithstanding the existence or discovery of any such different or additional facts; and

f. the Parties mutually drafted this Agreement and therefore this Agreement shall not be construed more strictly against any either party.

Additionally, Trustee warrants and represents that [he/she] is the sole and absolute legal and equitable owner of the Claims covered by this Agreement and the release in Section 2; that Trustee's Claims have not been assigned, transferred or disposed of in fact, by operation of law or in any matter whatsoever; and that he has

the full right and power to execute and deliver the release in Section 2 and the other agreements contained herein.

8. **Merger, Integration and Amendment.** The Parties acknowledge that this Agreement contains the entire agreement of the Parties, that all prior oral or written statements, representations, and covenants are merged into this Agreement, and that any other agreements not expressly stated herein are void and have no further force and effect. The Parties agree that the Agreement may not be amended or modified except by a subsequent, written agreement executed by all of the Parties.

9. **No Admission of Liability.** The Parties agree that this Agreement, its terms and/or the Parties' negotiations of it shall not constitute or be construed as an admission by Chase of the truth of any of the allegations made or of any liability, fault, or wrongdoing of any kind whatsoever. This Agreement or any of its terms shall not be offered as or received into evidence in any pending or future civil, criminal or administrative proceeding or action against any Party hereto in any court, administrative agency or other tribunal, for any purpose whatsoever, except as may be necessary to enforce or to effectuate the terms of this Agreement.

10. **Notice to Parties.** In the event that notice to one of the Parties must be provided under the terms of this Agreement, this Agreement is satisfied and notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

|   |   |   |
|---|---|---|
| a. | For Trustee: | Paul M. Bauch,<br>Bauch & Michaels, LLC d/b/a Lakelaw<br>53 W. Jackson Blvd, Suite 1115<br>Chicago, IL 60604 |
| b. | For Chase: | JPMorgan Chase Legal Department<br>10 S. Dearborn St., IL1-0287<br>Chicago, Illinois 60603 |

11. **Severability.** The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable, such illegal, invalid or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect; provided, however, that if any court finds Trustee's release in Section 3.B., to be illegal, invalid or unenforceable, Chase shall be entitled to recover the payment to Trustee provided for in Section 3.A.

12. **Counterparts.** This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument. The Parties agree that copies of the Agreement (including faxed, emailed and/or other electronic copies) shall be accepted as originals.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.**

7

| | |
|---|---|
| DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ARTHUR B. ADLER & ASSOCIATES, LTD. | JPMORGAN CHASE BANK, N.A. |
| | By: _____ |
| _____ | Name: _____ |
| | Its _____ |

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS — EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-11697 |
| ARTHUR B. ADLER AND ) | |
| ASSOCIATES, LTD. ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| DAVID P. LEIBOWITZ, trustee for the ) | |
| estate of Arthur B. Adler and Associates, Ltd., ) | |
| ) | Hon. Jack B. Schmetterer |
| Plaintiff, ) | |
| v. ) | Adv. Proc. No. 19-00610 |
| ) | |
| JP MORGAN CHASE BANK, N.A. ) | |
| ) | |
| Defendant. ) | |

## STIPULATION TO DISMISS ADVERSARY PROCEEDING

David P. Leibowitz ("Plaintiff" or "Trustee"), as Chapter 7 trustee for the estate of Arthur B. Adler and Associates, Ltd. (the "Debtor"), and JPMorgan Chase Bank, N.A. ("Chase Bank" or the "Defendant"), by and through their attorneys, hereby agree and stipulate as follows:

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), made applicable to this proceeding by Fed. R. Bankr. P. 7041, Chase Bank hereby consents to the Trustee's dismissal of this proceeding with prejudice, with each party to bear its own attorneys' fees and expenses and costs.

Dated: October 7, 2019

**STIPULATED AND AGREED:**

| | |
|---|---|
| DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ARTHUR B. ADLER & ASSOCIATES, LTD. | JPMORGAN CHASE BANK, N.A.<br><br>By: /s/ Rosa M. Tumialán<br>One of Its Attorneys |
| By: /s/ Paul M. Bauch<br>One of His Attorneys<br><br>Paul M. Bauch (ARDC # 6196619)<br>Carolina Y. Sales (ARDC #6287277)<br>BAUCH & MICHAELS, LLC D/B/A LAKELAW<br>53 W. Jackson Blvd., Suite 1115<br>Chicago, IL 60604<br>pbauch@lakelaw.com<br>csales@lakelaw.com<br>Tel. (312) 588-5000<br>Fax (312) 427-5709 | Rosa M. Tumialán (IL 6226267)<br>Dykema Gossett PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>T: (312) 876-1700<br>mdiakoumakis@dykema.com<br>RTumialan@kykema.com |