Case 17-11697    Doc 230-1    Filed 11/04/19    Entered 11/04/19 09:16:27    Desc Exhibit
A    Page 1 of 4
10/29/2019 TUE 13:13 FAX                                                                    @002/005

From:Jeff Strange & Assoc.          847 256 1681          10/28/2019 15:50          #404 P.003/005

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made and entered into this 29th day of October 2019, by and among David P. Leibowitz, not individually but as chapter 7 trustee (the "Trustee") for the estate of Arthur B. Adler & Associates, Ltd. (the "Debtor") and Arthur Adler and Jacquelyn Adler (collectively, the "Adlers").

### RECITALS

WHEREAS, on April 18, 2017, the Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code as set forth in Debtor's petition filed under Case No. 17-11697 ("Bankruptcy Proceeding") before the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court");

WHEREAS, on March 14, 2019, the Bankruptcy Court entered its judgment in favor of the Trustee and against Arthur Adler in the amount of $147,985.09 (the "Judgement").

WHEREAS, the Trustee filed an adversary proceeding against the Adlers on April 5, 2019 as Case Number 19-00600 (the "Adversary Proceeding"), seeking to recover and avoid $466,614.49 as fraudulent transfers pursuant to Section 548 of the Bankruptcy Code and 740 ILCS 160/5 and 160/6 and $109,176.43 as postpetition transfers pursuant to Section 549(a) of the Bankruptcy Code (the "Claim");

WHEREAS, the Adlers filed a Motion for Withdrawal of Reference in the Adversary Proceeding on September 20, 2019 to proceed before the district court as Case Number 19-cv-6273 (the "District Court Case");

WHEREAS, the Adlers asserts that the Trustee cannot establish a prima facia case; that they have valid defenses to the Claim; and that they have insufficient nonexempt property upon which the Trustee could obtain satisfaction of the Claim if he were to prevail;

WHEREAS, in order to avoid the time, risk, expense and uncertainties of litigation and collection, the parties wish to enter into this Agreement to compromise and resolve the Claim.

### PROMISES AND COVENANTS

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitals are hereby incorporated herein and made a part of this Agreement.

2. **Payment by the Adlers and Dismissal of Adversary Proceeding and District Court Case:** The Adlers shall pay the Trustee $95,000.00 (the "Settlement Amount") within 14 days of the Court's entry of an order approving the Trustee's Motion to Approve Compromise. The Trustee shall cause the Adversary Proceeding to be dismissed, with prejudice, and the Judgment to be released, within 14 days of receipt of the Settlement Amount. The Adlers shall cause the District Court Case to be dismissed, with prejudice, within 14 days of payment of the Settlement Amount.

3. **No Admission of Liability.** The Adlers admit no fault or liability with respect to the Claim.

2

10/29/2019 TUE 13:13 FAX																						☒004/005

From:Jeff Strange & Assoc.			647 256 1681			10/28/2019 15:50			#404 P.005/005

4. **Involuntary Payment and Reservation of Rights.** The Adlers' payment under this Settlement Agreement is an involuntary payment made in settlement of the Claim, and the Adlers reserve all of their rights against third parties, including the persons and property benefited by the transfers, with respect to seeking reimbursement of the Settlement Amount.

5. **Mutual General Releases:** Except as specifically set forth herein, by execution of this Agreement and payment of the Settlement Amount, subject to the terms and obligations of this Agreement, the Adlers and the Trustee shall generally release each other, their shareholders, directors, officers, agents, attorneys, employees, successors or assignees, and heirs, from any and all claims, (known or unknown) actions, defenses, or affirmative defenses from the beginning of time until the date first set forth hereinabove, relating to the Claim. Notwithstanding the foregoing, neither the Trustee nor the Adlers shall release any claims against any other person for whose benefit the transfers relating to the Claim were made.

6. This Settlement Agreement may be executed in counterparts. This Settlement Agreement shall be governed by Illinois law and shall not be amended or modified except by a written instrument executed by all of the parties hereto.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the day and year first hereinabove written.

3

DAVID P. LEIBOWITZ, CHAPTER 7
TRUSTEE FOR THE ESTATE OF
ARTHUR B. ADLER & ASSOCIATES,
LTD.

_____

ARTHUR ADLER

_____

JACQUELYN ADLER

_____

4