# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARTHUR B. ADLER AND ASSOCIATES, LTD | ) ) ) | Bankruptcy No. 17-11697 |
| | ) ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| **Name of Applicant:** | The Law Offices of David P. Leibowitz LLC |
| **Authorized to Provide Professional Services to:** | David P. Leibowitz, Trustee for the Estate of Arthur B. Adler and Associates, Ltd. |
| **Date of Order Authorizing Employment:** | June 5, 2017, retroactive to May 10, 2017 |
| **Period for which Compensation is Sought:** | June 05, 2017 – March 26, 2021 (the Final Application Period, which includes Current Application Period of October 12, 2019 – March 26, 2021 and Prior Application Period of June 05, 2017 – October 11, 2019) |
| **Amount of Fees Sought:** | $83,060.00 as a final allowance, which includes $50,000 previously paid as interim allowance for the Prior Application Period, an additional $23,542.50 for the Prior Application Period, and $9,517.50 for the Current Application Period |
| **Amount of Expense Reimbursement Sought:** | $1,618.27 as a final allowance, which includes $1,404.27 for the Prior Application Period and $214.00 for the Current Application Period |
| **This is a:** | Interim Application     Final Application   X |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:    $50,000 for fees and $1,404.27 for reimbursement of expenses

Date:  June 12, 2021                    By:    /s/ David P. Leibowitz
                                                                    Applicant

**UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **ARTHUR B. ADLER AND ASSOCIATES, LTD** | ) ) ) | Bankruptcy No. 17-11697 |
| | ) | |
| Debtor. | ) ) ) | Honorable Jack B. Schmetterer |

### SECOND AND FINAL APPLICATION OF THE LAW OFFICES OF DAVID P. LEIBOWITZ LLC, f/d/b/a LAKELAW, AS COUNSEL TO CHAPTER 7 TRUSTEE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Offices of David P. Leibowitz, LLC, f/d/b/a Lakelaw ("LODPL"), attorneys for David P. Leibowitz, the Chapter 7 Trustee ("Trustee") for the estate of Arthur B. Adler and Associates, Ltd. ("Debtor"), hereby respectfully submits its application for a total final allowance of compensation in the amount of $83,060.00 for all services rendered in this case as counsel to the Trustee, including (i) $9,517.50 for 18.6 hours of professional services rendered for the period from October 12, 2019 through March 26, 2021 (the "Current Application Period"), (ii) $50,000 previously allowed as an interim award for the period June 5, 2017 through October 11, 2019 (the "Prior Application Period"), which award is now sought to be made final, and (iii) an additional allowance of $23,542.50 for services rendered during the Prior Application Period, as to which LODPL reserved its right to seek allowance after additional funds were received by the estate. LODPL also seeks total final expense reimbursement of $1,618.27, including (i) $214.00 for the Current Application Period and (ii) the interim award previously made in the amount of $1,404.27 for the Prior Application Period, which award is now sought to be made final. LODPL's services were beneficial to the bankruptcy estate and are compensable pursuant to §§ 330(a) of the Bankruptcy Code and in accordance with Bankruptcy Rules 2002(a)(6) and 2016(a) and Local Bankruptcy Rule 5082-1. In support of this Application, the Trustee states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant, *inter alia*, to 28 U.S.C. § 157(b)(2)(A) and (O).

**FACTUAL AND PROCEDURAL BACKGROUND**

2.  On April 13, 2017 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David P. Leibowitz is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.  After his appointment, the Trustee applied to this Court for an order approving the retention of LODPL as his counsel.  On June 5, 2017, this Court approved the retention of LODPL, retroactive to May 10, 2017, to assist the Trustee in the administration of the estate's assets.

4.  On October 16, 2019, LODPL filed its First Interim Application of the Law Offices of David P. Leibowitz, LLC, f/d/b/a Lakelaw, as Counsel to Chapter 7 Trustee, for Compensation and Reimbursement of Expenses (docket #221).  In that first interim request, which covered the Prior Application Period, i.e., from June 5, 2017 through October 11, 2019, LODPL sought an interim allowance of $50,000 based on 158.70 hours of professional services valued at $73,542.50. Although the services had a value of $73,542.50, LODPL sought in its first request an interim allowance of only a portion, i.e., $50,000, and reserved its right to seek the remaining $23,542.50 after additional funds were received by the estate.  In this final application, LODPL now seeks allowance of that additional $23,542.50 for services rendered during the Prior Application Period. LODPL has attached hereto as Exhibit A the same detailed itemization of the legal services performed during the Prior Application Period as was attached to its first interim application.

Attached as Exhibit B hereto is a detailed itemization of the legal services performed during the Current Application Period, for which LODPL seeks an allowance of $9,517.50.

## NATURE OF SERVICES PROVIDED BY LODPL DURING THE PRIOR APPLICATION PERIOD

5. LODPL assisted the Trustee in the administration of the estate during the Prior Application Period in connection with the extensive litigation against Debtor's principal, Arthur B. Adler ("Adler"), seeking a finding of contempt of this Court's turnover order and for violation of the automatic stay. The Debtor was a law firm which, until the Petition Date, was engaged in the business of retail debt collection, and as of the Petition Date, Debtor was actively collecting hundreds of accounts for numerous clients. After attempts to obtain from Debtor the necessary information, funds, and documents failed, LODPL drafted, filed, and presented a motion for an order directing Adler to turn over to the Trustee, *inter alia*, all funds in all of Debtor's accounts, including the IOLTA accounts maintained for collections owed to Debtor's clients, as well as all checks from judgment debtors and third parties. Debtor filed a response opposing, in part, the relief requested by the Trustee, but the motion was ultimately granted by order dated September 8, 2017 (the "Turnover Order").

After entry of the Turnover Order, on or about September 14, 2017, Adler caused to be delivered to the Trustee a check in the amount of $206,073.74, which check represented all of the funds in the "Clients Trust Fund Account #II" ending in 4944 at JPMorgan Chase Bank N.A. as of that date. Since this amount was almost $180,000 more than was in this account as of the Petition Date, LODPL determined that it was necessary to examine the records of JPMorgan Chase Bank N.A. In addition, to prepare for the Rule 2004 examinations of Arthur B. Adler and Jacquelyn Adler, LODPL required a review of all of their personal bank accounts, including, but not limited to those accounts at JPMorgan Chase Bank N.A. ("Chase"). Accordingly, LODPL drafted and filed a

motion for authority to issue a Rule 2004 subpoena to Chase seeking production of all records relating to Debtor's IOLTA account no. 4944, the joint account held at Chase by Arthur Adler and his wife, Jacquelyn Adler, and any and all additional accounts held at Chase in the name of Arthur Adler and/or his wife, Jacquelyn Adler. In addition, since Adler had by this time sent to the Trustee a cashiers' check issued by SunTrust Bank in the amount of $26,811.31 representing funds Adler had collected from 20 separate judgment debtors, LODPL filed a motion for authority to issue a similar Rule 2004 subpoena to SunTrust Bank.

Adler and his wife, the secretary of the debtor corporation, objected to the examination of their personal bank records. After a hearing, the Court granted the motions for Rule 2004 examination as to the debtor corporation's bank records but denied the request to examine the personal bank records of Adler and his wife "without prejudice to showing a necessity therefor." Accordingly, LODPL prepared and served subpoenas to Chase and SunTrust, together with document requests for the debtor corporation's bank records.

Upon receipt of the voluminous corporate bank records, LODPL reviewed and analyzed the deposits, withdrawals, and checks, and determined that they clearly and unequivocally demonstrated the necessity for the examination of the personal bank records of Adler and his wife. Those records revealed that both before and after the Petition Date, not only had Adler caused the debtor corporation to make transfers of its funds to Adler personally but also that numerous deposits of the debtor corporation's funds were made into the joint personal accounts of Adler and his wife.

Accordingly, LODPL then drafted and filed a renewed motion for authority to issue Rule 2004 subpoenas to Chase and to SunTrust, cataloguing, *inter alia*, the transactions identified in the corporate records which demonstrated that client funds had been deposited into the joint personal accounts of Adler and his wife. After hearing, the renewed motion was granted, and LODPL

thereupon drafted and served subpoenas, together with document requests, upon Chase and SunTrust seeking the Adlers' personal bank records.

After the personal bank account records were produced by both Chase and SunTrust, LODPL reviewed and analyzed them, garnering additional evidence of Adler's diversion of client and estate funds postpetition through deposit into his personal accounts. During this review and analysis, LODPL discovered that Adler had covertly opened an account at Bank of America, N.A. in the Debtor's name, "Arthur B. Adler and Associates, Ltd.," and even using the Debtor's (and now this estate's) tax identification number. LODPL thereupon drafted, filed, and presented a motion for authority to issue a Rule 2004 subpoena to Bank of America. After hearing, the motion was granted, and LODPL prepared and served a subpoena and document request for all of the records on the concealed account. Review of the records produced by Bank of America provided still further evidence of Adler's diversion of client and estate funds postpetition through deposit into his personal accounts.

At this point, LODPL had sufficient evidence to warrant the filing of a contempt motion, and LODPL drafted and filed a motion to hold Adler in contempt for violation of the Turnover Order and of the automatic stay. As required by local rule, LODPL also drafted a declaration of the Trustee in support of the motion, together with numerous supporting exhibits. Moreover, given the magnitude of the shuttling of funds back and forth between the Adlers' personal accounts at Chase and SunTrust and the purported "Adler and Associates Ltd." business account at Bank of America, the scope and ultimate effect of the numerous deposits, withdrawals, and transfers could only be assessed through a forensic analysis by the Trustee's accountant of all such records to determine whether Adler had remitted to the Trustee all funds wrongfully diverted to the personal accounts. LODPL therefore met with the Trustee's accountant to discuss the required analysis and to provide guidance as to its parameters.

After the initial hearing on the contempt motion, LODPL prepared and filed proposed findings of fact and conclusions of law, as requested by the Court. Adler filed a response to the contempt motion, and LODPL researched, drafted, and filed a memorandum in reply. LODPL also prepared and filed a supplemental declaration in support of the contempt motion, as LODPL's continued investigation had revealed numerous additional instances of Adler's continued interference with the Trustee's administration of the debtor corporation's accounts.

After a number of continued hearings, the contempt motion was ultimately set for trial, and LODPL began the process of complying with the Court's final pretrial order, which set deadlines, *inter alia*, for discovery, for the exchange of exhibits and exhibit lists, for the exchange of witness lists, and for the filing of proposed detailed findings of fact and conclusions of law. LODPL reviewed Adler's production request and identified, assembled, and timely produced more than 3,000 pages of responsive documents, together with a privilege log with respect to documents withheld. LODPL also prepared its own document production request, as well as a binder containing over 130 requests to admit. LODPL reviewed and identified bank records and correspondence as necessary exhibits to the requests and then assembled the 56 exhibits identified and served the requests to admit on Adler.

When Adler responded to LODPL's requests to admit asserting the Fifth Amendment privilege, LODPL researched the effect and consequences of such assertion. LODPL also contacted witnesses whose testimony was to be offered at trial and served subpoenas in connection therewith. Finally, LODPL identified and assembled 60 exhibits to be offered into evidence at trial and prepared and timely served the required Exhibit List and Witness List on Adler's counsel.

Seven days prior to trial, LODPL finalized, served, and filed the detailed proposed findings of fact and conclusions of law required by the Court's pretrial order. LODPL researched the relevant legal issues in connection therewith, including the automatic stay as constituting a court

order the violation of which can form the basis of contempt, as well as the availability of contempt awards to non-individuals under § 105, as opposed to § 362(k).

LODPL thereafter attended the pretrial conference and made its final trial preparations, including preparing the order of proof and outlining the direct examination of witnesses. Trial then proceeded, and after two afternoon hearings, LODPL presented its closing argument, and the matter was taken under advisement.

On August 20, 2018, the Court ruled in the Trustee's favor and found Adler to be in civil contempt for violations of the automatic stay. The Court continued the matter for hearing on damages and, ultimately, a final pretrial order was entered setting the damage phase for trial. LODPL once again responded to a document production request propounded by Adler and then worked on preparation of the witness and exhibit lists required by the pretrial order. In addition, LODPL conferred and met with the Trustee's accountant and took steps to ensure that the required expert report was timely served. LODPL studied the report, researched Adler's objections regarding admissibility, prepared outlines for the direct examination of witnesses, and prepared a summary of damages resulting from the contempt. The damage phase of the trial was ultimately held, involving two afternoons of testimony and argument, and the matter was once again taken under advisement.

On March 14, 2019, judgment was entered in favor of the Trustee and against Adler in the amount of $147,985.09, adjudged by the Court to be the amount of damages that Adler should be compelled to pay for his contempt. LODPL thereafter drafted, filed, and presented an application to employ special litigation counsel in Florida, the state of Adler's residence, to pursue collection on the judgment.

LODPL performed numerous additional services during the Prior Application Period, including, *inter alia*, drafting and filing a motion for Rule 2004 examination of Paychex, Inc., a motion for an order directing Paychex to recognize the Trustee as the new plan administrator for

Debtor's 401(k) plan, a motion seeking global authority to disburse funds to Debtor's former clients, a motion to employ the Trustee's accountant, a motion to employ the Trustee's general bankruptcy counsel, a motion to employ special litigation counsel, and finally, the first interim fee application.

**NATURE OF SERVICES PROVIDED BY LODPL
DURING THE CURRENT APPLICATION PERIOD**

6.    During the Current Application Period, LODPL assisted the Trustee in the administration of the estate in connection, *inter alia*, with settlements reached with Banco Popular and Unifund CCR LLC for the reduction of their claims against the estate. After negotiating the settlement terms, LODPL prepared and filed the requisite motions for approval of same and appeared at each of the hearings thereon. LODPL also assisted in connection with the settlement of a claim asserted by special counsel Mercadis Singer P.A. to contingency fees relating to the litigation against Arthur Adler in this case. After negotiating terms for an agreed reduced amount, LODPL prepared and filed a motion for authority to pay the reduced amount to Mercadis Singer and appeared at the hearing thereon.

LODPL also prepared and filed a motion pursuant to section 725 of the Bankruptcy Code for authority to dispose of certain funds collected during the administration of the case that could not be disposed of under prior orders of the Court. LODPL researched the law in connection therewith and appeared at the hearing thereon. LODPL also reviewed amended claim no. 2 filed on March 23, 2021 and researched the relevant authority regarding the interest and fee issues implicated therein. When attempts to reach counsel to resolve the issues failed, LODPL prepared and transmitted to counsel an objection to the claim, stating that it would be filed and prosecuted unless the issues could be resolved without court intervention. As a result of the objection, claimant contacted LODPL and the parties reached agreement as to a voluntary reduction of the claim.

In addition to these services, LODPL reviewed and revised the first interim application of the accountant in this case, the accountant's second and final application, the first interim application of the Trustee's counsel, appeared at each of the hearings thereon, and, finally, prepared the instant second and final application of counsel for the Trustee.

7. The time records attached to this fee application set forth in adequate detail the nature and extent of the services rendered by LODPL assisting the Trustee in his duties.

8. LODPL has made every effort to ensure that the services it performed for the Trustee were handled by qualified persons at the lowest hourly rates possible, consistent with the skill-set required for a particular task.

9. In compliance with Local Bankruptcy Rule 5082-1, LODPL has classified the services rendered during the Current Application Period, which are set forth in Exhibit B hereto, into two separate categories: (a) case administration; and (b) fee/employment applications.

10. The following is a general description of the tasks performed during the Current Application Period in each of LODPL's principal categories of activity:

- **Case Administration**: (Fees: $4,637.50/ Hours: 8.2)  This category includes LODPL's services in connection, *inter alia*, with negotiation of the settlements with Banco Popular and Unifund CCR LLC for the reduction of their claims against the estate, preparation and filing of the requisite motions for approval of the settlements, appearance at each of the hearings thereon, negotiation of the settlement of a claim asserted by special counsel Mercadis Singer P.A. to contingency fees relating to the litigation against Arthur Adler, preparation and filing of a motion for authority to pay the reduced amount to Mercadis Singer, appearance at the hearing on that motion, legal research concerning the appropriate methods for disposition of certain funds collected during the administration of the case that could not be disposed of under prior orders of the Court, preparation and filing of a motion pursuant to section 725 of the Bankruptcy Code for authority to dispose of same, appearance at the hearing thereon, and research and preparation of an objection to amended claim no. 2 and correspondence with counsel to obtain a voluntary reduction thereof.

- **Fee/Employment Applications**: (Fees: $4,880.00/ Hours: 10.4)  In this category are LODPL's services in review and revision of the first interim application of the accountant in this case, review and substantial revision of the accountant's second and final application,

preparation of the first interim application of the Trustee's counsel, appearance at each of the hearings on the foregoing applications, and, finally, preparation of the instant second and final application of counsel for the Trustee.

## REQUESTED RELIEF

11. The Trustee requests that LODPL be granted a total final allowance of compensation in the amount of $83,060.00 for all services rendered in this case as counsel to the Trustee, including (i) $9,517.50 for 18.6 hours of professional services rendered for the period from October 12, 2019 through March 26, 2021 (the "Current Application Period"), (ii) $50,000 previously allowed as an interim award for the period June 5, 2017 through October 11, 2019 (the "Prior Application Period"), which award is now sought to be made final, and (iii) an additional allowance of $23,542.50 for services rendered during the Prior Application Period, as to which LODPL reserved its right to seek allowance after additional funds were received by the estate.

12. LODPL also seeks total final expense reimbursement of $1,618.27, including (i) $214.00 for the Current Application Period and (ii) the interim award previously made in the amount of $1,404.27 for the Prior Application Period, which award is now sought to be made final.

## SUMMARY OF SERVICES RENDERED BY LODPL DURING THE CURRENT APPLICATION PERIOD

13. In summary, the value provided by each professional during the Current Application Period with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---:|---:|---:|
| GREEN, L. | ATTORNEY | $450.00 | 11.90 | $5,355.00 |
| LEIBOWITZ, D. | ATTORNEY | $650.00 | 6.00 | $3,900.00 |
| STORER, J. | ATTORNEY | $375.00 | .70 | $262.50 |
| **Grand Total** | | | 18.60 | $9,517.50 |

14. The hourly rates charged by LODPL in the course of its representation of the Trustee compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by LODPL with respect to representing the Trustee is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

15. LODPL has always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Trustee. In certain circumstances, however, it may have been necessary for more than one of LODPL's attorneys to appear in Court at the same time. When possible, LODPL attempts to have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, LODPL may have had more than one attorney attend a meeting to strategize on issues that had particular import in this case. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

16. Given the *Johnson* criteria codified in 11 U.S.C. § 330(a)(3), namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, LODPL respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

### EXPENSES INCURRED BY LODPL
### DURING THE CURRENT APPLICATION PERIOD

17. The actual and necessary costs expended during the Current Application Period are summarized below and set forth in detail in Exhibit C hereto. The requested reimbursement

amount for expenses incurred is $214.00. All expenses for which reimbursement is sought are expenses that LODPL customarily recoups from its clients.

18. All expenses incurred by LODPL were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner that LODPL bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

19. The specific expenses incurred during the Current Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Copies of pleadings, at 10¢ per page | $120.30 |
| U.S. First Class Mail postage – service of pleadings | $93.70 |
| TOTAL | $214.00 |

## COMPLIANCE WITH 11 U.S.C. § 504

20. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between LODPL and any other firm, person or entity for the sharing or division of any compensation paid or payable to LODPL.

## NOTICE

21. At least twenty-one days' notice of this application has been provided to the Debtor, its counsel, the Office of the United States Trustee, all creditors who have filed claims in this case, and to parties who have previously requested notice of pleadings and proceedings herein. Applicant suggests that no further notice is necessary and requests that the Court find that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests entry of an order:

(i) Allowing LODPL final compensation for the Current Application Period in the amount of $9,517.50;

(ii) Making the previous interim compensation award of $50,000 for the Prior Application Period final;

(iii) Allowing an additional $23,542.50 for services rendered during the Prior Application Period, resulting in total final compensation for all services rendered by LODPL in this case of $83,060.00;

(iv) Allowing LODPL final expense reimbursement for the Current Application Period in the amount of $214.00;

(v) Making the previous interim expense reimbursement award of $1,404.27 final, resulting in total final expense reimbursement in this case of $1,618.27;

(vi) Authorizing the Trustee to pay the unpaid portion of the foregoing allowances to LODPL;

(vii) Finding that due and adequate notice has been given; and

(viii) Granting such other and further relief as is just.

Respectfully submitted,

**David P. Leibowitz, Chapter 7 Trustee for the Estate of ARTHUR B. ADLER AND ASSOCIATES, LTD**

By: /s/ *David P. Leibowitz*
David P. Leibowitz

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
3438 N. Elaine Place – Suite 4
Chicago, IL 60657
(312) 662-5750